Appeal from Surrogate's Court, Erie County.

In the matter of proving the last will and testament of James W. Tifft. From an order denying contestants' motion that a further commission issue to examine Florine B. Hatch, the contestants appeal. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Helen Z. M. Rodgers, for appellants.
Carlton E. Ladd, for respondent.

NASH, J. The commission was not properly executed. The witness, as directed by the interrogatories, having examined what purported to be volume 1, testimony in the matter of James W. Tifft, reported by Charles H. Bailey, stenographer, from pages 611 to 621, inclusive, stated:

"My recollection is refreshed from these minutes as they were then reported by me, but I cannot now remember the things reported herein in detail."

These pages of the testimony in the matter of Tifft (pages 611–621) purported to be a copy of stenographic notes of things said and done by Mr. Tifft, stenographically taken by the witness. After stating that her recollection was refreshed, the witness said:

"I believe this to be a correct copy of my transcript, which was handed in to Mr. Moot and inserted in this record by Mr. Bailey."

She then indorsed the several pages of the testimony certified by the commissioner as exhibits. The witness should have been required to state whether the testimony shown to her refreshed her recollection as to the things which Mr. Tifft said and did in her presence, of which she took stenographic notes, and, if so, then the facts which she could recall should have been stated or read from the minutes shown her and embodied in her answers to the interrogatories. Marcly v. Shults, 29 N. Y. 346. We think that the contestants should have been permitted to have obtained the evidence in proper form, and therefore the order denying contestants' motion for an order directing that a further commission issue should be reversed.

Order reversed.

Order reversed, without costs, and matter remitted to Surrogate's Court for proper action. All concur.

---

### MEHLENBACKER v. VILLAGE OF SALAMANCA et al.

(Supreme Court, Appellate Division, Fourth Department. December 28, 1906.)

RAILROADS—CHANGING STREET GRADE AT CROSSING—RECOVERY OF DAMAGES—NOTICE.

Under Railroad Law (Heydecker's Gen. Laws, p. 3292, c. 39, § 65) providing that when a change is made, in accordance with section 62 (page 3291) of an existing grade crossing of a railroad and street, half the expense shall be borne by the railroad, one-quarter by the municipal corporation, and one-quarter by the state, and that no claim for damages to property on account of the change shall be allowed unless notice of the

claim is filed with the board of railroad commissioners within six months after completion of the work, one may not recover of any of the parties for damage to his property by the lowering of the street in front of it to pass under a railroad, neither he nor any one for him having filed notice with the railroad commissioners, though within 60 days of completion of the work he filed notice of claim for damages on the village, the village not being required to forward the notice to the commissioners.

Williams, J., dissenting.

In the Matter of the claim of Jacob Mehlenbacker against the village of Salamanca and the Erie Railroad Company for damages for change of grade of a street. From an order of dismissal, petitioner appeals. Affirmed.

The opinion of Referee Spring is as follows:

The sole question for determination in this action is whether the omission to file with the state board of railroad commissioners, the notice required by section 65 of the railroad law is a bar to these proceedings.

The petitioner, Jacob Mehlenbacker, since 1890 has been and is the owner of certain premises on the east side of Main street in the village of Salamanca, N. Y., having a frontage on Main street of 90 feet and a depth of 144 feet and which frontage abuts on the easterly side of said Main street. That on the 28th day of September, 1899, the board of trustees of the village of Salamanca, by resolution, duly authorized and empowered the president and trustees of said village to make application to the state board of railroad commissioners for the abolishment of the grade crossing over the Erie railroad tracks on Main street in said village and thereafter and on the 11th day of April, 1901, the state board of railroad commissioners, after due notices, examinations, and hearings duly ordered the abolishment of such grade crossing and further directed that such street be carried underneath such railroad in accordance with certain plans, specifications, and profiles which had been duly adopted and which order and direction was made in pursuance of the order and authority and direction contained in section 62 of the railroad law (Heydecker's Gen. Laws, p. 3291, c. 39) and in pursuance thereof the grade of said street was lowered sufficiently to carry the said Main street under said Erie railroad tracks, the actual work thereof being undertaken and performed by the defendant, the Erie Railroad Company or its contractors, and the grade of Main street in front of the petitioner's premises was substantially lowered in conformity to such plans and specifications and profiles so adopted, all of which were completed before the petitioner filed his claim for damages herein. That the said petitioner had no such lands, rights, or easements in such Main street at or prior to the completion of such improvements as is referred to and described in section 63 of the railroad law (Heydecker's Gen. Laws, p. 3292, c. 39) and it was not necessary or requisite for the village of Salamanca to acquire by purchase or by condemnation proceedings, any of the lands, rights, or easements of the petitioner before lowering the grade of Main street so as to pass under the tracks of the Erie Railroad Company, and the authority to purchase or condemn so contained in section 63 does not apply when such lands, rights, and easements are abutting property, none of which are taken for the purpose of effecting such change of grade. That on the 6th day of November, 1902, and within 60 days after the completion of such improvements the petitioner duly served a proper and sufficient notice of his claim for damages sustained by him in consequence of such lowering of the grade of Main street in front of his said premises, upon the proper officer of the village of Salamanca but no notice of claim was served by said petitioner or by any other person or party on the state board of railroad commissioners at any time, and more than six months elapsed prior to the commencement of this proceedings, since the full completion of all the work necessary for such change or abolishment of such grade crossing and the board of trustees of the village of Salamanca has not agreed with the petitioner on the amount of his damages.

By section 65 of the railroad law (Heydecker's Gen. Laws, p. 3295, c. 39) it is provided that:

"No claim for damages to property on account of the change or abolishment of any crossing under the provisions of this act, shall be allowed, unless notice of such claim is filed with the board of railroad commissioners within six months after the completion of the work necessary for such change or abolishment." By the provisions of section 65 of the railroad law such damages as were sustained by the petitioner on account of abolishment of this grade crossing must be paid, one-half by the defendant, the Erie Railroad Company, one-fourth by the village of Salamanca and one-fourth by the state of New York, but in order to make these damages a charge against the said railroad company, the said village, and the state, under this statute, the petitioner was required to comply with the provisions of this statute relating to the filing of notice of claim for damage on both the municipality and the state board of railroad commissioners. Under the common law the petitioner could have no right or claim for damages in a case like this, which could be successfully asserted, and it was after the enactment of chapter 113, p. 100, Laws 1883, and the acts amendatory thereof that such a right was given to him, and, whatever his rights now are, they are purely and entirely statutory, and this statutory right is exclusive. Brewster v. Rogers Co., 169 N. Y. 80, 62 N. E. 164, 58 L. R. A. 495.

To bring himself within the provisions of the statute which grants him the right to compensation, the petitioner must show as a condition precedent to the maintenance of the proceedings that he has upon his part complied with the directions thereof, and brought himself squarely within its provisions. This he concedes he has not done. It is asserted by the petitioner, however, that, after service of notice upon the village of his claim for damages on the 6th day of November, 1902, it was then the duty of the village, if it sought contribution from the state of one-fourth of any damages the petitioner might be entitled, to cause the notice to be served on the board of railroad commissioners in conformity to this statute, and further claiming that the village and the railroad company should, if the village failed to serve the notice of claim, pay or to be liable to pay the petitioner's damage without contribution from the state.

The statute creates the liability for damages against the railroad company, the village, and the state in the proportion above set forth, and in no other way and in no other proportion. The remedy being statutory, the statutory machinery must be set in motion to charge all those liable, and all must be made liable for such damages as the petitioner may be entitled, else the provisions of the statute have not been sufficiently complied with to enable the petitioner to recover against any of these parties. The liability for damages is limited to a determinate period. The person seeking to create the liability must perform all the necessary acts to create and render effective that liability within the period fixed by the statute, and it is not incumbent upon the party, or any of them, against whom the liability is sought to be created to take the initiative in order to make an otherwise invalid claim a valid and subsisting one. In other words the party sought to be charged with a debt is not bound to do the act necessary to create that obligation against himself.

The petitioner sought to assert his exclusively statutory remedy on the one hand and at the same time admitting the failure on his part to perform the very act that vitalizes his proceedings. This failure on his part is, in my judgment, fatal to the maintenance of his proceedings, and the proceedings must be dismissed, with costs.

Henry P. Nevins, for petitioner.
Thomas L. Newton, for village of Salamanca.
Orcutt, Robbins & Brown, for Erie R. Co.

PER CURIAM.  Order affirmed, with costs, on opinion by George E. Spring, referee.  All concur, except SPRING, J., not voting, and WILLIAMS, J., dissenting.